FILED
SUPERIOR COURT
OF GUAM

2021 MAR 22 PM 4:17

CLERK OF COURT
BY:_____

# IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| YUKO YO,<br><br>     Plaintiff,<br><br>  v.<br><br>FRANK SIK YO,<br><br>     Defendant. | DOMESTIC CASE NO. DM0659-18<br><br>**DECISION AND ORDER** |

## INTRODUCTION

This matter came before the Honorable Arthur R. Barcinas on February 2, 2021, upon a hearing on the Motion to Enforce Marital Settlement Agreement filed by Plaintiff Yuko Yo ("Yuko") on July 20, 2020. Attorney John Bordallo Bell represented the Plaintiff. Attorney Mun S. Park represented Defendant Frank Sik Yo ("Frank"). For the reasons set forth below, the Court **GRANTS** the Plaintiff's Motion to Enforce Marital Settlement Agreement, **ORDERS** and **ENJOINS** Defendant to preserve and transfer the title to assets specified below in favor of Jessica Yo, and **GRANTS** Plaintiffs' request for attorney's fees and costs.

## BACKGROUND

Defendant Frank Sik Yo purchased, via a mortgage, a residential property at 119 Cherry Blossom Lane, Latte Heights, Mangilao, Guam 96913 ("the Latte Heights Home") for $72,000.00. Exh. 1 of Plaintiff's Motion. The legal description of the Latte Heights Home is L 155 T 317 U 2 Mangilao GU 96913. Jessica Yo Decl. ¶3/Exh. 1 of Plaintiff's Motion. Frank

and Yuko (collectively the "Parties") married on July 10, 1997 and separated on July 17, 2017. Yuko Yo Decl. ¶4/Exh. 4 of Plaintiff's Motion.

On or about April 17, 2018, the parties entered into a Divorce and Property Settlement Agreement (aka, marital settlement agreement, "MSA"), which was signed by this Court via the Final Decree on December 11, 2018. The MSA provided that the Latte Heights Home would go to the Parties' daughter Jessica Yo ("Jessica"), while reserving a life estate for Frank. Section 4 of the agreement provided Frank "[e]xclusive possession of the residence located at #119 Cherry Blossom Ln., Latte Heights, Mangilao, Guam 96913."

Section 5 of the agreement provided that Frank have exclusive possession of the Latte Heights Home "until death," and also detailed that the property would be deeded by both Frank and Yuko to their daughter Jessica. Section 7 provided that Frank would be solely responsible for the mortgage on the Latte Heights Home. Section 16 of the MSA provided that this Court would retain jurisdiction over the parties and property to enforce the MSA, and that the party who had to enforce the MSA would be entitled to reasonable attorneys fees.

An Interlocutory Judgment of Divorce ("the Interlocutory") was filed with this Court on December 11, 2018. The first page of the Interlocutory incorporated the terms of the MSA. A Final Decree of Divorce ("Final Decree") in turn finalized the terms and conditions of the Interlocutory. All of the divorce pleadings and agreements described above were approved by both parties and by this Court.

Notwithstanding the above, on or about May 1, 2020, without any notice to or authority from either Jessica or Yuko, Frank closed the sale of the Latte Heights Home. Yuko Yo Decl. ¶7/ Jessica Yo Decl. ¶4/Exh. 1 of Plaintiff's Motion. According to the documents obtained from Frank by Jessica, Frank used realtor Hwa Chung to sell the home to Aileen and Joseph Cruz via their realtor, Ellen's Realty. Jessica Yo Decl. ¶5 /Exh. 1 of Plaintiff's Motion. According to Frank, he only received $160,000 in cash after paying the loan that was owed on the Latte Heights Home. Levina Terlaje Decl. ¶8 of Plaintiff's Motion. On or about June 5, 2020, Yuko learned about this from Jessica. Yuko Yo Decl. ¶ 8 of Plaintiff's Motion.

On or about June 19, 2020, after Jessica and Yuko retained Attorney Bell, the Cruz buyers, realtors, and title company involved were given formal actual notice of the MSA restrictions and the objections by Jessica and Yuko. JRRB Decl. ¶¶ 4 and 5/Exh. 2 of Plaintiff's Motion. On June 24, 2020, Frank went to Attorney Bell's office to respond to the letter, as witnessed by paralegal Levina Terlaje. Levina Terlaje Decl. ¶ 4 of Plaintiff's Motion. Although Frank spoke limited English, he readily admitted that he sold the Latte Heights Home without Jessica's or Yuko's knowledge or consent, and that he used the proceeds to purchase condominium unit #24 at Beachway Manor Condominiums (the "Condo"). Levina Terlaje Decl. ¶¶ 5 and 6/Exh. 3 of Plaintiff's Motion. The legal description of the Condo is Beachway Manor [Unit #24], a Condominium – Lot No. 2143-3-R1 New, (Consolidation and resubdivision of Lot Nos. 2143-3-R1 and 2143-3-1), Dededo, Guam, Estate No. 16683, Suburban, as said lot is marked and designated on Map Drawing No. ACT-710-1535, recorded on January 20, 1972 in the Department of Land Management, Government of Guam, under Document No. 108555. Area: 3,098+ square meters. Last Certificate of Title No. 32425. JRBB Decl. ¶ 6/Exh. 5 of Plaintiff's Motion.

Frank explained that the house would no longer go to Jessica but that he sold the house anyway because he was having financial problems and needed the money and that Jessica became very angry when she found out. Levina Terlaje Decl. ¶ 7/Exh. 3 of Plaintiff's Motion. Frank further explained that he only knew his realtor as "Mr. Chung," who was a fellow taxi driver operating out of the airport. Levina Terlaje Decl. ¶ 9/Exh. 3 of Plaintiff's Motion.

On July 20, 2020, in addition to filing the motion at bar, Plaintiffs filed Notices of Lis Pendens on the Latte Heights Home and Condo. On July 27, 2020 Plaintiff filed a Certificate of Service confirming Frank was served with the motion at bar and the two related lis pendens. On December 14, 2020, after Frank failed to file any response, Plaintiffs submitted a Request for Entry of Default Judgment along with a proposed order for the same. On December 15, 2020, this Court issued a Notice of Remote Hearing for this motion to be heard on February 2, 2021. On January 5, 2021, Plaintiffs filed several Certificates of Service confirming that the following persons and entities were served notice of the underlying motion, hearing, and request for

default: Title Guaranty of Guam, Aileen and Joseph Cruz, Frank Yo, Ellen's Realty, and Gold Gate Realty ("Mr. Chung").

At the February 2, 2021 motion hearing, the attorneys, Yuko Yo, Jessica Yo and Aileen and Joseph Cruz appeared via video conference due to COVID-19 modified court operations. During the hearing, Attorney Park appeared on Frank's behalf but made no formal opposition to the motion at bar. Attorney Park further represented that approximately $10,000 was left over from the sale of the Latte Heights Home. This Court took note of Frank's absence from the hearing, as well as the fact that the motion was unopposed, and reminded Attorney Park he could seek reconsideration within ten days. The Cruz family was advised to seek independent counsel.

## DISCUSSION

"The power to distribute assets necessarily includes the ability to marshal them, including through litigation if necessary." *Hemlani v. Melwani, et al.*, 2016 Guam 33, ¶ 30. This court retains jurisdiction over the properties at issue. Both parties consented to the court exercising jurisdiction over the Latte Heights Home, inter alia, because they stipulated to giving it to Jessica, subject to a life estate in Frank. Because the Condo was purchased using proceeds from the sale of the Latte Heights Home, the Condo and or any proceeds from it must be disgorged in favor of Jessica. This is because Frank, perhaps unwittingly, created a constructive trust in favor of Jessica.

"One who gains a thing by fraud, accident, mistake, undue influence, the violation of a trust, or other wrongful act is, unless he has some other and better right thereto, and involuntary trustee of the thing gained, for the benefit of the person who would otherwise have had it." 18 GCA § 65110. *See also In re Guardianships of Moylan*, 2011 Guam 16. Even assuming arguendo that the Latte Heights Home was Frank's separate property, he gave it away via the MSA. In *Damian v. Damian*, 2015 Guam 12, the court held that a domestic court had no jurisdiction to enjoin one of the parties in that divorce case from giving away his separate property because it was never deemed community property in the first place. *Id.* ¶¶ 41–45. Unlike in *Damian*, here, there is no need for Yuko or Jessica to have to establish that it was

community property because the parties reached a settlement wherein Frank effectively stipulated to the property being community property.

The *Damian* court, at ¶ 52, explained that if in fact property is community property, any deed purporting to transfer such property is ineffective without consent from both spouses. In concluding the case, the *Damian* court reasoned that, because the property was transferred before the domestic court exercised jurisdiction over it, the transfer must stand. In contrast here, this court exercised and retained its jurisdiction over the property, with the consent of all parties, before any transfer of the property. Even assuming the property was Frank's separate property initially, there is no question that the MSA itself was all that was needed to bind the property to the jurisdiction of the court as a matter of contract. Jessica's contingent future interest (that is to say Jessica gains possession of the Latte Heights Home upon Frank's death) was transferrable and vested as a contractual matter. *Taitano v. Lujan*, 2005 Guam 26, ¶¶ 34–41.

Even assuming the property was solely Frank's and that he received no consideration for the transfer, the analysis is the same because spouses can transmute separate property into community property by contract. *Sablan v. Sablan*, 2017 Guam 3, ¶30. When the Guam Supreme Court reviewed *Sablan*, supra, it held that mutual consent between spouses is all that is required to transfer property (¶¶85–86), and that "inadequacy of consideration does not defeat the validity of a deed in the absence of fraud [internal citation omitted]," noting that 19 GCA § 40102 provides, "[a] voluntary transfer is an executed contract, subject to all rules of law concerning contracts in general, except that a consideration is not necessary to its validity." *Id.* ¶ 86.

Thus, the court retains jurisdiction over the Latte Heights Home pursuant to the MSA. The court also retains jurisdiction over the Condo because it was purchased with proceeds from the sale of the Latte Heights Home. Because proceeds from the improper sale of the Latte Heights Home were also used to purchase a vehicle, the Court may exercise jurisdiction over the vehicle as well.

## CONCLUSION

### I.    Disposition of Property

Frank is RESTRAINED and ENJOINED from disposing of, encumbering, hiding, selling or diminishing the Latte Heights Home, the Condo, any remaining proceeds from the sale of such properties, and his vehicle(s), pending the resolution of his case or otherwise as ordered by this Court. Any deed to the Latte Heights Home from Frank Yo to the Cruz family or otherwise is hereby **CANCELLED**. Any deed to the Condo from Frank Yo to any third party is hereby **CANCELLED**. Frank is ordered to immediately transfer title to the Condo and to the Latte Heights Home to Jessica via warranty deeds. Frank is further **ORDERED** to transfer title to his vehicle(s) to Jessica Yo. Frank is further **ORDERED** to take immediate and positive steps to maintain all property described herein, including but not limited to setting aside any cash proceeds from the sale of the properties described herein, keeping his vehicle(s) maintained and insured, paying all homeowner's association dues for the Condo, and insuring the Condo. If and when the Court is satisfied that Frank has complied with its order to deed the Latte Heights Home to Jessica and has otherwise satisfied any and all outstanding judgments by this Court, the Court will ORDER Jessica to return the title of the Condo and vehicle(s) to Frank.

### II.    Attorney's Fees

Plaintiffs' counsel shall submit their request for attorney fees and costs within thirty (30) days of this order. Defendant Frank Yo shall submit any opposition to this request within fourteen (14) days from the time Plaintiffs have served their request.

**IT IS SO ORDERED** _____MAR 2 2 2021_____.

_____
**HONORABLE ARTHUR R. BARCINAS**
**Judge, Superior Court of Guam**

SERVICE VIA E-MAIL
I acknowledge that an electronic copy of the original was e-mailed to:

O · Bell
PHRK
Date:_____ Time:_____ 3/22/21

Deputy Clerk, Superior Court of Guam